Jane Ann KROPF, Administratrix of the Estate of Robert Gottlieb Kropf, Deceased, Plaintiff,

v.

ANACOSTIA FEDERAL SAVINGS & LOAN ASSOCIATION a/k/a Perpetual Building Association and Frieda Kropf, Defendants.

Civ. A. No. 1692–57.

United States District Court District of Columbia.

Feb. 18, 1959.

Eugene J. Schubert, Washington, D. C., for plaintiff.

Harry S. Wender, Washington, D. C., for defendant Frieda Kropf.

Samuel Scrivener, Jr., Washington, D. C., for defendant Perpetual Building Ass'n.

SIRICA, District Judge.

Plaintiff Jane Ann Kropf as Administratrix of the Estate of Robert G. Kropf, her deceased husband, brings this action and invokes the equity powers of the court to impress a resulting or constructive trust upon certain funds on deposit with defendant Perpetual Building Association. The funds in question form an account in the above bank in the name of defendant Frieda Kropf, sister of the decedent.

In its complaint, plaintiff contends that when decedent closed his own account in the defendant bank in 1954 and opened a new account there amounting to $3767.95 in the name of Frieda Kropf, this was done for convenience only and that the beneficial interest remained at all times in the deceased until his death in August, 1956.

Defendant disputes this interpretation of the facts and maintains that decedent's transfer of money from his account and the opening of a new account in his sister's name plus the transfer of the passbook to her possession constituted a gift *inter vivos* which entitles her to the money as against this claim by her brother's estate.

The three requisites of a gift *inter vivos* are: first, delivery to another; secondly, an intention on the part of the transferor to make a gift and,

finally an absolute disposition of the subject of the gift. Murray v. Gadsden, 1952, 91 U.S.App.D.C. 38, 49, 197 F.2d 194, 33 A.L.R.2d 554.

■ The decisive issue in this case is whether or not the money in the Perpetual Building Association in defendant's name was a gift to her from her deceased brother. If it was a gift, then plaintiff is entitled to no relief. If it was not a gift, then she is entitled to relief as administratrix of the estate.

How does the Court decide whether or not this money was a gift? The only way is to determine from all of the evidence in the case what the intent of the deceased was at the time he placed this money in his sister's name at the building association.

The Court does not have to rely solely on the statements made by both parties on the stand as to conversations they had with the deceased. The Court can rely on the circumstances of the case; in other words, on circumstantial evidence in determining the intent of the deceased at the time he put this money in his sister's name.

The evidence in this case is clear that shortly after the marriage of the deceased and his wife they became separated. The evidence also shows that they separated about two or three times during their married life. One period of separation extended from September until December, 1954, and it was during the latter part of October, 1954, that the deceased decided to make this transfer of money. The plaintiff contends this was done solely for the sake of convenience and that it was not a true gift.

The Court does not agree with the plaintiff's contention. The evidence shows beyond a doubt that there was a very deep affection and love between the deceased and his mother and sister. While he was in Japan he sent money regularly to his mother and a bank account in her name in the amount of $7,000 was accumulated. The evidence is also clear that he had told his wife of his affection for his sister and even ex-

pressed concern for her because of the fact that she was a victim of polio. Decedent apparently realized his moral obligation to do something to help her.

The evidence is convincing that the deceased was very close to his children, that he was a good business man, that he had a mind of his own, even though he might have been a procrastinator, that he accumulated a considerable amount of money in the nature of stocks and other things. Had he wanted to deprive his family of any or all of his estate, it would have been a very easy matter for him to do so.

One of the principal circumstances that convinces the Court that this transfer of money was a gift is this: Here is a man who was an engineer by profession and employed by the Philco Company. He had many, many months during the period of his married life to dispose of his property by will. He could have taken the $22,500 insurance policy made payable to his mother and when she died he could have made the children or anybody else the beneficiary. The evidence shows, however, that he was conscious of his obligations to his wife and children. He could have disposed of any other things that he owned since everything was in his name. It is reasonable to assume that the deceased, being the good business man that he was, realized at least that if he died without making a will all of the things that he left would eventually go into his estate and that the heirs, which would be his wife and children, would share in this property.

There is nothing in the evidence to indicate to the Court that he did not have the right or the power to do what he wanted to do with his money or his property.

The evidence also shows that in October, 1954, he went to Connecticut, where he visited his sister, and at that time he gave her the passbook and told her about the new account he had opened. The plaintiff and decedent were separated at that time. There was no indication when they were going back together. It is reasonable to suppose that the deceased,

having the affection for his sister that he had and realizing that his mother, with whom defendant had been living, had passed on, wanted to make some provision for her, and the Court sees nothing unreasonable or unnatural about that. He did not know whether he was going to die the next day or a month later or a year later. But the Court feels that he did what he had a right to do.

Decedent's actions indicate that he intended this money to be a gift to his sister. If he did not intend it as a gift, he could have kept the passbook and he could have refused to drive his sister to the building association when she wished to withdraw $60 from this account. There is no evidence to the contrary here. The only evidence the Court has is the alleged statement that the deceased made to his wife in a telephone conversation about his desire to live together again, and indicating that he had placed this money in the bank so that she would not get it or words to that effect.

Decedent left a substantial estate considering his station in life. He left his wife $22,500 which was the proceeds from the insurance policy and which she has in her own name now. He left over $10,000 in stocks, etc., which will be shared in by the children also. So that it is not unreasonable to conclude that this is probably the way he wanted to leave things. It may be that he did not want to leave a will. It may be that he wanted them all to share equally in what he left. The Court sees nothing out of the ordinary in decedent's action.

It is reasonable to deduce from the evidence that if the deceased desired to get back these funds during his lifetime, after he had deposited them in his sister's name, he could have done so, as counsel frankly stated. If he had made a request of his sister and told her that he needed that money for a business purpose or he needed it for expenses or for some other reason, because of the close relationship between these parties, she would have been glad to return it to him by relinquishing any right she might have had.

To the Court, acting as the trier of the facts, the evidence is clear that the money deposited in the Perpetual Building Association was intended to be a gift to the defendant. Therefore, the Court concludes as a matter of law that the defendant is entitled to that money.

The Court finds for the defendant. The Findings of Fact and Conclusions of Law having been included in this opinion, no formal findings and conclusions are necessary. The Court awards $500 as counsel fees to defendant. Counsel will prepare an appropriate order not inconsistent with this opinion.